SUMMARY ORDER

Appellant Irving Santiago appeals from the judgment of the United States District Court for the Southern District of New York (Kaplan, J.), sentencing him principally to 42 months of incarceration, to be followed by three years of supervised release. We assume the parties’ familiarity with the facts and procedural history of this case.
Although acknowledging that the district court imposed a sentence in accordance ■with the Guidelines, Santiago argues that his sentence was procedurally unreasonable because the district court failed, while sentencing Santiago, to adequately consider his young child in foster care and history of drug abuse. We do not agree. After indicating its consideration of all of the pertinent factors under 18 U.S.C. § 3553(a), the district court expressly referenced Santiago’s “extremely sympathetic” family circumstances and included drug treatment as part of Santiago’s sentence. In sentencing Santiago, however, the district court stated that its predominant concerns were deterrence and public safety, particularly in light of Santiago’s numerous, prior convictions. Even absent such a discussion, “we will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced.” United States v. Fernandez, 443 F.3d 19, 30 (2d Cir.2006). Santiago may disagree with how the district court balanced its considerations, but “ [t]he weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented.” Id. at 32.
For the reasons stated above, the judgment of the district court is AFFIRMED.